## CITY OF BOSTON *vs.* INHABITANTS OF DEDHAM.

A town in which a convict, who is committed to a house of correction, has a settlement, is not liable, by any statute, to pay the expense of supporting him in such house, unless he be committed by virtue of the fifth or sixth section of *c.* 143 of the revised statutes.

ASSUMPSIT to recover for the support of William Morse. The parties submitted the case to the court of common pleas, on the following facts agreed :

" On the 14th of July 1842, William Morse, whose lawful settlement was in the town of Dedham, was committed, by sentence of the municipal court, to the house of correction in the county of Suffolk, for three years, as a common and notorious thief, for larcenies not within the jurisdiction of the police court. The plaintiffs paid for said Morse's support, from the time of his said commitment, to the 31st of December 1843, (being seventy six weeks and three days,) $1·96 a week, amounting to $149·80 ; and he was credited, for his labor in said house of correction during that period, $73·38, leaving a balance, due to the plaintiffs, of $76·42, which has not been paid, and which said Morse by reason of poverty, is unable to pay. Due notice was given by the plaintiffs to the overseers of the poor of Dedham, and demand made of the above balance, which the defendants have not paid. If the defendants are liable for the above support of the said Morse, they are to be defaulted, and judgment rendered for the plaintiffs for $76·42, with interest from the date of said demand, viz. February 19th 1844 ; otherwise, that the plaintiffs shall become nonsuit, and judgment be rendered for costs for the defendants."

The court of common pleas rendered judgment for the defendants, and the plaintiffs appealed to this court.

*J. Pickering,* for the plaintiffs. From the time of William III. till 1802, petty offenders, committed to the house of correction, were by law supported by the towns in which they had their settlement. See *St.* 1787, *c.* 54. By *St.* 1802, *c.* 22, the expense of keeping all offenders committed to the house of cor-

rection was made a charge, in the first instance, on the county treasury. By *St.* 1826, *c.* 142, the expense of supporting vagabonds, &c. in the house of correction was to be paid in part by the county, and in part by the Commonwealth. By *St.* 1834, *c.* 151, § 10, the town in which a convict had his lawful settlement was made liable for his support, if neither he nor his kindred were able to maintain him. And *c.* 143 of the Rev. Sts. was a revision of the *St.* of 1834. The *St.* of 1839, *c.* 156, provided that the Commonwealth should pay nothing, after July 1st 1839, for the support of prisoners in a jail or house of correction ; but that the expense of supporting such prisoners as *have no lawful settlement in the Commonwealth* should be borne by the county in which the jail or house of correction is established. No provision was made, in this statute, as to prisoners who have settlements within the Commonwealth By *St.* 1843, *c.* 66, § 2, the expense of the support of persons committed to a house of correction for any offence not mentioned in § 5 of *c.* 143 of the Rev. Sts. is not recoverable of any town, " but shall be paid in the manner provided by law." This *St.* does not affect the case at bar, (having been passed since this case arose,) further than it shows the views of the legislature as to former laws. What then is " the manner provided by law " ? The Rev. Sts. *c.* 143, § 16, provide that the support of " any person " in a house of correction, who has not sufficient estate to pay the same, may be demanded and recovered, by the keeper of such house, of the town where he has a lawful settlement, if he have no kindred liable by law to support him ; and the city of Boston is entitled to the same remedies for maintaining " any person " in the house of correction in said city, which are provided for keepers of houses of correction.

By *St.* 1824, *c.* 28, the same remedies were given to the city of Boston, to recover for the support of prisoners in the house of correction for the county of Suffolk, which masters of houses of correction, towns or counties, *then had.* It has not been decided that this statute is repealed by *St.* 1834, *c.* 151, (see 1 Met. 575,) and the plaintiffs suppose it to be still in force. By Rev. Sts. *c.* 15, § 86, the powers and privileges mentioned

in the city charter, and in the several acts specially relating to the city, are expressly confirmed.

*Wilkinson,* for the defendants. As Morse was not convicted and sentenced under § 5 of *c.* 143 of the Rev. Sts., the town is not liable for his support. In *Shepherd* v. *Commonwealth,* 2 Met. 420, the court say that, by Rev. Sts. *c.* 143, § 17, the house of correction was substituted for the jail, as a place for punishing certain offenders. See also *Commonwealth* v. *West gate,* 1 Law Reporter, 292. Had Morse been sentenced to the common jail, as he might have been, (Rev. Sts. *c.* 126, § 19,) the town would not have been liable for his support.

The Rev. Sts. *c.* 143, § 16, regulate the rights of the city of Boston. And by *St.* 1839, *c.* 156, counties are chargeable, in cases like this, without any remedy over against towns. The *St.* of 1843, *c.* 66, is a mere explanatory law. See 1 Met. 576. *Watson* v. *Charlestown,* 5 Met. 54.

WILDE, J. This is an action of assumpsit, to recover the amount of expenses paid by the plaintiffs for the support of a convict, who had his legal settlement in the defendant town, and was committed to the house of correction in the county of Suffolk, as a common and notorious thief, by sentence of the municipal court. The question is, whether the defendant town is liable ; and this depends principally on the Rev. Sts. *c.* 143. The 27th section provides, that all charges and expenses, not being reimbursed by the labor of the convict, shall be paid from the county treasury ; but not more than one dollar per week shall be paid by the Commonwealth ; and no allowance from the county treasury shall be made for the support of any prisoner, committed to the house of correction by virtue of the 5th and 6th sections of that chapter, when the prisoner shall be of sufficient ability to support himself, or shall have either parent, master or kindred, who are able, and obliged by law, to maintain him ; or when the prisoner shall have a legal settlement within this State.

As the convict, for whose support this action was brought. was not committed under the said 5th or 6th section, it is very clear that the defendants are not liable for his support; but. by

the express words of the statute, the same is to be paid from the county treasury, and eventually by the Commonwealth ; not, however, to exceed one dollar per week.

Several previous statutes have been cited ; but they have no bearing upon the construction of the above provisions in the revised statutes, which are free from doubt or ambiguity. So the subsequent *Sts.* 1839, *c.* 156, and 1843, *c.* 66, have not altered the law, so as to make the defendants liable in the present case. The former statute provides that no allowance shall be made, by the Commonwealth, for the maintenance and support of any prisoner in any jail or house of correction , but the expense of maintaining and supporting all such prisoners as have no legal settlement in this Commonwealth, shall be borne by the county in which such jail or house of correction is established. This provision, in the opinion of the court, does not by implication render towns liable for the support of any prisoner not committed under § 5 of *c.* 143 of the Rev. Sts. ; and if this would admit of any doubt, it is wholly removed by *St.* 1843, *c.* 66, § 2, which expressly provides that " the expense of the support and maintenance of such prisoners shall not be recoverable against any town in this Commonwealth, but shall be paid in the manner provided by law."

This we consider as a declaratory law ; and it removes any doubt, if any there is, as to the construction of the *St.* of 1839. And besides ; this statute of 1843 expressly provides that no recovery shall be had against any town for such expenses ; which must operate as a repeal of all previous provisions making them liable. We think, however, that the towns were not before liable for any such expenses, and that such would be the construction of *St.* 1839, if *St.* 1843 had not been enacted.

*Plaintiff's nonsuit.*